## EDDY *v.* WINCHESTER.

If a citizen of another state, having a claim against a citizen of the same state, attaches the debtor's real estate in this state to secure his claim, and insolvency proceedings are commenced against the debtor in the state of his domicile, comity may require such disposition of the action in this state as will enable the defendant's assignee to apply the property attached to the payment of all the creditors of the defendant under the insolvency laws of his own state,—the rights of our citizens not being involved,—provided the assignee takes the necessary steps for that purpose.

ASSUMPSIT, on a contract made in Massachusetts, where both parties resided when the suit was commenced, and still reside. Facts agreed. The action was commenced June 21, 1879, and the defendant's real estate in this county attached on the same day. At the April term, 1880, the defendant's counsel suggested the pendency of proceedings in insolvency in Massachusetts, and moved that the action be continued to await the termination of those proceedings, and that he might plead his discharge, if obtained, in bar to the further maintenance of this action. He offered evidence that the firm of which he is a member was adjudged insolvent by the court of insolvency for the county of Worcester, September 9, 1879, and that assignees of the estate were appointed January 9, 1880. The defendant admitted the plaintiff's right of action. The plaintiff moved for judgment.

*Batchelder & Faulkner*, for the plaintiff.

*Woodward*, for the defendant.

SMITH, J. The insolvency proceedings in Massachusetts cannot operate to convey the defendant's title to real estate in this state to his assignee. Title to real property can be acquired, passed, and lost, only according to the *lex rei sitæ*. *Eyre* v. *Storer*, 37 N. H. 114, 120–122, and authorities cited. But provision is made by the insolvency law of Massachusetts by which the insolvent

debtor is required, at the expense of the estate, to make and execute such deeds and writings, and do such other acts and things, as the assignee may reasonably require, and which may be necessary or useful for confirming the assignment, and enabling the assignee to demand, recover, and receive all the estate and effects assigned to him, especially any part which may be without the state. Mass. Gen. Stats., *c.* 118, *s.* 70. Section 71 provides for the arrest and commitment of the debtor for refusing to execute instruments, or obey orders or decrees of the court. A creditor who is a citizen of Massachusetts may be enjoined from availing himself of an attachment of personal property in another state, in an action against a debtor who is insolvent under the laws of that state, and thus preventing the same from coming to the hands of the assignee. *Dehon* v. *Foster*, 4 Allen 545. Such jurisdiction, the court say, "is founded in the clear authority vested in courts of equity over persons within the limits of their jurisdiction and amenable to process, to restrain them from doing acts which will work wrong and injury to others, and are therefore contrary to equity and good conscience."

The real estate attached in this suit may thus become assets in the hands of the defendant's assignee to be distributed among all his creditors, provided the assignee requires the defendant to convey it to him for that purpose. The plaintiff and defendant being citizens of Massachusetts, the plaintiff shows no superior equity which should enable him to appropriate the property attached in this state exclusively to the payment of his own debt. Upon the principle of comity, the rights of our own citizens not being involved, we do not feel inclined to make such disposition of this cause as would defeat the application of the property attached to the payment of all the insolvent's creditors under the law of his own state, provided the assignee takes the necessary steps to accomplish that result. The court at the trial term will make such orders as may be necessary for that purpose, by further continuing the action, or by such other disposition of it as may be necessary and proper. But if it appears that the assignee does not intend to appropriate this property to the payment of all the defendant's creditors, there will be no reason why the suit should be delayed to enable the defendant to obtain and plead a discharge in insolvency. Unless the assignee takes the property, either the plaintiff will levy upon it to satisfy such judgment as he recovers, or the defendant will continue to hold it divested of the attachment lien. It being admitted that he owes the plaintiff a just debt, if the assignee does not take the property for all the creditors, it is no more than just that it should be appropriated to satisfy the plaintiff's claim.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.